# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY DOUGLAS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | No. 09-1535 |
| MICHAEL J ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant | : | |

## MEMORANDUM

**NORMA L. SHAPIRO, J.**                                               February 3, 2011

       Plaintiff Anthony Douglas ("Douglas"), commenced this action pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. By order of October 9, 2009, the case was referred to United States Magistrate Judge Elizabeth T. Hey ("Magistrate Judge") for a Report and Recommendation ("R&R"). Upon review of the record, the Magistrate Judge recommended the final decision of the Commissioner be affirmed. Douglas timely filed objections to the R&R. Having conducted a *de novo* review of the administrative record, the court overrules plaintiff's objections and affirms the final decision of the Commissioner.

## I. Procedural History

       Douglas protectively filed for SSI on January 24, 2006. He alleged disability from heart conditions as of December 20, 2005. After his initial application was denied, Douglas requested an administrative hearing. Plaintiff's claim was denied by an administrative law judge ("ALJ") on December 17, 2007. The R&R succinctly summarized the ALJ's findings:

At step one, the ALJ found that Plaintiff has not engaged in substantial activity since January 24, 2006, the date of the application. R. 15.

At step two, the ALJ found that Plaintiff has the following severe impairments: affective disorder; obesity; coronary artery disease; diabetes mellitus; and obstructive sleep apnea. R. 15

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R Part 404, subpt. P, app. 1. R.16.

The ALJ determined that Plaintiff has the RFC[1] to perform a restricted range of sedentary work. Plaintiff can lift up to twenty pounds occasionally and ten pounds frequently. He has no limitation with regard to sitting; however, he is limited to two hours of standing and walking (limited to forty minutes at a time). Plaintiff's mental RFC is such that he can perform unskilled work with only occasional interaction with co-workers, supervisors, and the general public. R. 18. At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. R. 24.

Considering Plaintiff's age, education, work experience and RFC, at step five, the ALJ determined, based on the testimony of the vocational expert ("VE"), that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically parking lot cashier, order clerk, and surveillance system monitor. R. 24-25. As a result, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. R. 25.

On February 9, 2009, the Appeals Council's denial of plaintiff's request for review made the ALJ's denial the final decision of the Commissioner. 20 C.F.R. § 416.1472. Douglas filed the pending request for review on April 14, 2009. Douglas argues: (1) the ALJ failed to evaluate properly the effects of obesity and obstructive sleep apnea on his mental functioning; (2) the ALJ improperly rejected the opinion of plaintiff's psychiatric witness' assessment of marked and extreme metal limitations; (3) the ALJ's decision was not

---

[1]Residual Functional Capacity

supported by substantial evidence because the ALJ failed to consider properly plaintiff's subjective complaints; and (4) the ALJ erred in relying upon the testimony of the VE, because her hypothetical question did not include all plaintiff's mental limitations. The Magistrate Judge found: (1) the ALJ properly considered plaintiff's obesity and its effects in reviewing his disability claim; (2) rejection of plaintiff's witness was proper because his diagnoses were not supported by record evidence and contradicted other, more competent testimony: (3) the ALJ's assessment of plaintiff's credibility regarding his subjective complaints was supported by substantial evidence; and (4) the hypothetical posed to the VE during the hearing to determine plaintiff's ability to work was adequate, and the number of jobs identified by the VE as existing in the national economy was sufficient to uphold the ALJ's denial of plaintiff's SSI application. Douglas filed objections to the R&R on November 11, 2010. He objects to the Magistrate Judge's adverse findings regarding his claims that the ALJ made errors: (1) in evaluating the effect of his obesity on his disability claim; and (2) in posing an inadequate hypothetical question to the VE.

## II.     Standard of Review

Under the Act, a claimant is disabled if he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's impairment must render him "not only unable to do his previous work but . . . considering his age, education, and work experience, [unable to] engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A five-step

3

sequential evaluation is utilized to determine the viability of a claim of disability. The Commissioner considers whether a claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations considered *per se* disabling; (4) can return to past work; and (5) if unable to return to past work, can perform other work existing in the national economy. *Bembery v. Barnhart*, 142 Fed. App'x 588, 590 (3d Cir. 2005).

A reviewing court must accept the factual findings of the Commissioner if supported by substantial evidence and decided according to correct legal standards. *See Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is defined as relevant evidence a reasonable mind might accept as adequate to support a decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lewis v. Califano*, 616 F.2d 73, 76 (3d Cir. 1980). A court should not re-weigh the evidence or substitute its conclusions for those reached by the ALJ. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002).

A court retains the responsibility of scrutinizing the record and must remand if the Commissioner's decision is not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981). A court must consider the evidence supporting the decision in relation to all evidence in the record. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). If a court determines the conclusion of the ALJ is supported by substantial evidence, it must affirm the decision, even if it would have decided the factual inquiry differently. *Hartranft v. Apfel* 181 F.3d 358, 360 (3d Cir. 1999).

A court conducts *de novo* review of the portions of an R&R to which specific

objections have been filed. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b).

## III. Discussion

### A. Evaluation of Plaintiff's Obesity

Douglas argues the ALJ did not properly analyze the effect of obesity on his claimed disabilities in step three of the required sequential analysis, because she failed to consider the aggravating impact of his obesity when discussing his mental impairments. The relevant Social Security Ruling states "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p. The ALJ must "consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's [RFC]." *Id*.

The ALJ properly considered plaintiff's obesity. Acknowledging her responsibility to consider the effect of a claimant's obesity on his impairments, the ALJ wrote:

> Pursuant to Listing 1.00Q, the combined effects of obesity with other impairments can be greater than the effects of each of the impairments when considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's [RFC], adjudicators must consider any additional and cumulative effects of obesity.

R. at 16. The ALJ further discussed the effects of obesity on listed impairments at later stages of the sequential evaluation.

> Examinations of the claimant suggest that he is obese. . . . However, the medical record shows no severe complications resulting from this condition. Notwithstanding, this medically determinable condition must be considered with the claimant's

5

> other physical impairments: coronary artery disease; diabetes mellitus; and obstructive sleep apnea. Although no physician has attributed any specific work-related limitations to claimant's obesity, as indicated in SSR 02-1p, obesity may have an adverse impact upon co-existing impairments. For example, obesity may affect the cardiovascular and respiratory systems, making it harder for the chest and lungs to expand and imposing a greater burden upon the heart. Someone with obesity and a musculoskeletal impairment may have more pain and limitation than might be expected from the musculoskeletal condition alone. In addition, obesity may limit an individual's ability to sustain activity on a regular and continuing basis during an eight-hour day, five-day week or equivalent schedule. *These considerations have been taken into account in finding the claimant capable of performing a restricted range of sedentary work.*

R. at 19 (emphasis added).

In addition to her own explicit consideration of the effects of plaintiff's obesity, the ALJ adopted the opinions of several of plaintiff's treating physicians regarding his RFC. Plaintiff's treating physicians were aware of his obesity. Such reliance is sufficient to meet the ALJ's responsibilities under SSR 02-1p. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) ("Because her doctors must also be viewed as aware of [plaintiff's] obvious obesity, we find that the ALJ's adoption of their conclusion constitutes satisfactory if indirect consideration of that condition.").

In light of the ALJ's express consideration of the effects of plaintiff's obesity on his claimed impairments, as well as her adoption of his treating physicians' opinions, plaintiff's reliance on *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500 (3d Cir. 2009), is unavailing. The *Diaz* court remanded plaintiff's case after finding the ALJ failed to consider the effects of plaintiff's obesity, despite finding it severe at step two. *Id*. at 504-05. Writing for the court in *Diaz*, Judge Rendell noted "[w]ere there *any* discussion of the

combined effect of Diaz's impairments, we might agree with the District Court" that the ALJ's consideration of obesity was sufficient. *Id*. at 504 (emphasis in original). Here, the ALJ clearly considered and discussed the effects of plaintiff's obesity. Plaintiff's first objection to the Magistrate Judge's R&R will be overruled.

B.     **Sufficiency of the Hypothetical Posed to the Vocational Expert**

Douglas also objects to the Magistrate Judge's findings that the hypothetical posed by the ALJ to the VE accurately portrayed his moderate limitations in concentration, persistence and pace.[2] At step five of the sequential evaluation, the ALJ was required to determine from the VE's testimony whether jobs Douglas could perform existed in the national economy in significant numbers. Douglas contends the ALJ's hypothetical question whether someone with his impairments could perform unskilled work did not adequately convey his acknowledged mental limitations.

The ALJ specifically found, "[b]ased on the objective evidence . . . that [Douglas] suffers no more than a moderate impairment" in concentration, persistence and pace. R 17-18. Douglas claims the hypothetical posed to the VE limiting plaintiff to unskilled work did not sufficiently account for this finding. Plaintiff's assertion is based on his reading of *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004) (ALJ's hypothetical limiting plaintiff to simple, one-to-two step tasks did not sufficiently take into account the fact plaintiff "*often* suffered from deficiencies in concentration, persistence and pace.") (emphasis in original). In *McDonald v. Astrue*, 293 Fed. App'x 941 (3d Cir. 2008), the

---

[2]The ALJ asked the VE to "assume a hypothetical person the same age, education, and background as the claimant, who . . . is limited to unskilled work with only occasional interaction with coworkers, supervisors, and the general public."

Court of Appeals found the distinction between a plaintiff who "*often*" suffers from deficiencies in concentration, persistence and pace and one who suffers only "moderate" deficiencies dispositive in approving the ALJ's hypothetical limiting the plaintiff to simple, routine tasks. *Id*. at 946. Douglas was found to suffer no more than a moderate impairment in concentration, persistence and pace; *Ramirez* is thus distinguishable

In *McDonald*, the appellate court determined a hypothetical limiting plaintiff to "simple, routine tasks" was sufficient to account for a moderate limitation in concentration, persistence and pace. The court noted McDonald did not *often* suffer from deficiencies in concentration, persistence and pace, unlike the plaintiff in *Ramirez*. *Id*. at 946 n. 10; *see also Menkes v. Astrue*, 262 Fed. App'x 410-12 (3d Cir. 2008) (hypothetical including a limitation to simple, routine tasks sufficient to account for moderate limitations in concentration, persistence and pace); *Reid v. Astrue*, 2009 WL 2710243, at *6 (E.D. Pa. Aug. 28, 2009) ("Because the hypothetical question limited plaintiff to 'simple, repetitive tasks,' the question was sufficiently descriptive to encompass the finding that plaintiff had moderate difficulties in 'concentration, persistence and pace.'").

Unskilled work is consistent with simple, routine tasks. *See Bovell v. Barnhart*, 2006 WL 1620178, at *3 (E.D. Pa. June 9, 2006); *Elnicki v. Barnhart*, 2005 WL 1715675, at *5 (E.D. Pa. July 21, 2005) (hypothetical with limitation of unskilled work accurately reflected moderate limitation in concentration). The ALJ's hypothetical limiting Douglas to unskilled work adequately accounted for his moderate limitations in concentration, persistence and pace. Plaintiff's second objection to the Magistrate Judge's R&R also will be overruled.

8

**IV.     Conclusion**

The ALJ's findings are supported by substantial evidence. The objections of Douglas to the Magistrate Judge's R&R will be overruled; the R&R will be approved and adopted. An appropriate order follows.